**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| NEIM BEQIRI AND MERITA BEQIRI, | ) | |
| | ) | Case No. 3:26-cv-573 |
| Plaintiffs, | ) | |
| | ) | **NOTICE OF REMOVAL OF** |
| v. | ) | **ACTION UNDER 28 U.S.C. § 1441** |
| | ) | **(Diversity Jurisdiction)** |
| TRAVELERS PERSONAL INSURANCE | ) | |
| COMPANY, | ) | CIRCUIT COURT |
| | ) | JEFFERSON COUNTY, WI |
| Defendant. | ) | No. 2026 CV 000224 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, TRAVELERS PERSONAL INSURANCE COMPANY ("Travelers"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1. On or about May 15, 2026, Plaintiffs, NEIM BEQIRI AND MERITA BEQIRI ("Beqiri"), filed an action in the Circuit Court for Jefferson County, Wisconsin, under Case No. 2026 CV 000224, against Defendant Travelers. Plaintiffs' Complaint is attached hereto as Exhibit A and incorporated herein by reference.

2. On May 22, 2026, Travelers was served with the Complaint and Summons.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after Travelers' receipt of Plaintiffs' Complaint on or after May 22, 2026.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Neim Beqiri, an individual, was and is a citizen of the State of Wisconsin.

6.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Merita Beqiri, an individual, was and is a citizen of the State of Wisconsin.

7.      At the time the Complaint was filed, and at all times subsequent thereto, Defendant Travelers was and is a Connecticut corporation with its principal place of business in the State of Connecticut.

8.      The amount in controversy exceeds $75,000.  28 U.S.C. 1446(c)(2) permits a defendant to assert the amount in controversy where the amount is not stated in the state court pleading.  28 U.S.C. 1446(c)(2) (2012).  Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.*

9.      The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy.  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997).  "Removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

10.     In their Complaint, Plaintiffs seeks $51,875.09 (the difference between the amount they allege Travelers paid and the amount of their purported estimate of damage) plus additional "consequential damages, bad faith damages including all extra-contractual damages permissible by law, interest, attorneys' fees, and costs." (Ex. A, Complaint, ¶ 20, 23, 44, 55, 57-62).

11.     In a bad faith action, a successful plaintiff can recover compensatory damages, punitive damages of up to two times compensatory damages or $200,000, whichever is greater,

and attorney fees. *Klein v. Travelers Indemnity Company of America*, 23-cv-69-jdp, 2024 WL 3251790, *3 (W.D. Wis. May 16, 2024), citing *Anderson v. Cont'l Ins. Co.*, 85 Wis.2d 675, 694, 271 N.W.2d 368 (1978) and Wis. Stat. § 895.043. The availability of recovering punitive damages must also be considered in determining whether the amount in controversy requirement is satisfied. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir.2000). If punitive damages are available, subject matter jurisdiction exists unless it is "legally certain" that the plaintiff will be unable to recover the requisite jurisdictional amount. *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

12. Wisconsin law provides that punitive damages "may not exceed twice the amount of any compensatory damages recovered by the plaintiff or $200,000, whichever is greater." Wis. Stat. § 895.043(6). Accordingly, the punitive damages placed in controversy alone may reach $200,000, well in excess of the jurisdictional threshold.

13. Even assuming, *arguendo*, that punitive damages are limited to twice Plaintiffs estimated compensatory damages, i.e., $103,750.18, Plaintiffs combined compensatory and punitive damages would total $155,625.27.

14. Travelers denies that it acted in bad faith or that punitive damages are warranted. Nevertheless, for purposes of determining the amount in controversy, because it is not legally certain that Plaintiffs will be unable to recover $75,000, this Court has subject-matter jurisdiction.

15. Prompt written notice of this removal is being provided to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Jefferson County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, TRAVELERS PERSONAL INSURANCE COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court for Jefferson County,

Wisconsin, under Case No. 2026 CV 000224, be removed therefrom to the United States District

Court for the Western District of Wisconsin and proceed in this Court as an action properly removed

thereto.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com

Attorneys for Defendant,
TRAVELERS PERSONAL INSURANCE
COMPANY

4

## CERTIFICATE OF SERVICE

I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on June 19, 2026, at the email address set forth below.

**Attorneys for Plaintiff**
Michael Yaakov Katz
State Bar No. 1142404
1500 NE 162nd Street
Miami, Florida 33162
(786) 529-0090
mkatz@ilgpa.com
service@ilgpa.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com